IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WILFORD SUNCHILD, | CV 19-00047-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ANGELA STANSFIELD and INDIA BLATT-DEMONTINEY, | |
| Defendants. | |

Plaintiff Wilford SunChild, proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and proposed Complaint (Doc. 2) alleging the Defendants committed perjury in violation of his due process rights during the course of criminal proceedings against him in April 2014.  The motion to proceed in forma pauperis will be granted but Mr. SunChild's claims are barred by the applicable statute of limitations and by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and Defendants have absolute immunity for their trial testimony.  This matter should be dismissed.

Because Mr. SunChild is proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. § 1915 which requires the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental

1

defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

By way of background, a grand jury indicted Mr. SunChild on November 22, 2013 on one count of theft from an Indian tribal government receiving federal grants, one count of theft from an Indian tribal organization, and one count of theft from a healthcare facility. (*United States v. SunChild*, Criminal Action No. 13-CR-106-GF-BMM, Doc. 1–Indictment.) A two-day jury trial was conducted on April 7, 2014 and the jury returned guilty verdicts on all three counts. (*Id.* at Doc. 43.) On July 24, 2014, Mr. SunChild was sentenced to a custodial term of 12 months and one day on each count to run concurrently, with two-year concurrent terms of supervised release. (*Id.* at Doc. 54–Judgment.) Mr. SunChild appealed his conviction and the Ninth Circuit affirmed. (*Id.* at Docs. 56, 71, 72). Mr. SunChild filed a timely motion to vacate his sentence under 28 U.S.C. § 2255 on April 25, 2017 which was denied on January 25, 2018. (*Id.* at Doc. 94.)

Mr. SunChild's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has been invalidated. *Id.* at 486–87; *see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir.2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' " (citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F.3d at 695 (*quoting Heck*, 512 U.S. at 487).

Mr. SunChild's claims that his due process rights were violated during his 2014 criminal trial because Defendants committed perjury would necessarily imply the invalidity of his sentence and are therefore barred by *Heck*.

To the extent Mr. SunChild is seeking to raise any claims that are not challenging his conviction or sentence, those claims are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

Mr. SunChild's Complaint is dated July 12, 2019, therefore all claims

3

accruing prior to July 11, 2016 are barred by the applicable statute of limitations. Mr. SunChild is complaining about testimony which was presumably given during his criminal proceedings in 2014.  As such, his claims accrued prior to July 11, 2016 and are now barred by the statute of limitations.

Finally, Defendants are entitled to absolute immunity for any testimony provided before this Court.  Witnesses are immune from liability for their testimony in earlier proceedings even if they committed perjury.  *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983).

Accordingly, the Court issues the following:

## ORDER

1.  Mr. SunChild's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on July 12, 2019.

3.  At all times during the pendency of this action, Mr. SunChild must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. SunChild may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. SunChild is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of July, 2019.

_/s/ John Johnston_____
John Johnston
United States Magistrate Judge